IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **PERRY CHAPMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| **BETHESDA MANOR WEST** | ) | |
| **ASSOCIATION, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, PERRY CHAPMAN ("Plaintiff"), by his attorney Barry A. Gomberg and Luanne M. Galovich of Barry A. Gomberg & Associates, Ltd., for his Complaint against the Defendant, BETHESDA MANOR WEST ASSOCIATION, INC., and alleges as follows:

## NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. and for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 *et seq*. and Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. ("IWPCA"), and a common law claim of civil fraud.

2. Plaintiff, Perry Chapman, is an individual residing in Chicago, Illinois.

3. Plaintiff was not paid for all hours worked and was not paid any wages including overtime rate of pay for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

1

4. Plaintiff worked approximately 14 hours of overtime per week or approximately 1,694 hours of overtime total from July 23, 2018 through November 12, 2020 (approximately 121 weeks) at $17.96 time and one-half ($11.97 x 1.5) for a total of approximately $30,424.24 for overtime owed to Plaintiff for which he was not paid for those work hours in any manner.

5. Upon information and belief, Defendant, Bethesda Manor West Association, Inc., is a private domestic corporation with its operations in Chicago, Illinois.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

7. Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

1-8. Plaintiff re-alleges and incorporates by reference all the above allegations.

9. This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay the Plaintiff for all compensable work time and for failing to pay any wages for overtime work hours for those weeks when he worked more than 40 hours in a particular week.

10. At all times relevant, Plaintiff was a non-exempt employee of the Defendant, as defined by the FLSA.

11. Plaintiff's hourly rate of pay was $ 11.97 per hour.

12. Plaintiff was employed by the Defendant from January 2, 2012 through November 12, 2020.

13. At all times relevant, Defendant was an employer, as defined by the FLSA and Illinois state law.

14. Defendant is engaged in interstate commerce as that term is used in the FLSA.

15. During the course of employment with Plaintiff was not exempt from overtime wages.

16. Defendant failed to pay Plaintiff time and one half for overtime hours worked.

17. During the course of his employment with Defendant, the Plaintiff routinely worked in excess of 40 hours per week.

18. Despite the fact that the Plaintiff was not an exempt employee, Defendant did not pay him the proper wages he was owed, including payment of all compensable time and payment of overtime wages for work in excess of 40 hours per week.

19. Under the FLSA, the Plaintiff was entitled to be paid overtime for all hours worked over 40 in a given work week.

20. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

21. Defendant failed to compensate the Plaintiff at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

22. Defendant's violation of the FLSA for failure to pay the Plaintiff overtime wages was willful and deliberate.

23. Upon information and belief, Defendant's practices as described above were not approved in writing by the United States Department of Labor.

24. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

25. Due to Defendant's violation of the FLSA, the Plaintiff is entitled to recover from Defendant his unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Award all actual damages suffered by the Plaintiff;

b. Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA;

c. Award the Plaintiff damages in the amount of overtime wages required by the FLSA improperly denied him by Defendant's actions;

d. Award the Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

e. Award the Plaintiff post-judgment interest;

f. Award the Plaintiff reasonable attorneys' fees as well as the costs of this action; and

g. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## COUNT II
## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

1-8. Plaintiff repeats and re-alleges the above paragraphs.

9. This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay the Plaintiff for all compensable work time and for failing to pay any wages for overtime work hours for those weeks when he worked more than 40 hours in a particular week.

10. At all times relevant, Plaintiff was a non-exempt employee of the Defendant.

11. Plaintiff's hourly rate of pay was $ 11.97 per hour.

12. Plaintiff was employed by the Defendant from January 2, 2012 through November 2, 2020.

13. At all times relevant, Defendant was an employer, as defined by Illinois state law.

14. During the course of employment with Plaintiff was not exempt from overtime wages.

15. Defendant failed to pay Plaintiff time and one half for overtime hours worked.

16. During the course of his employment with Defendant, the Plaintiff routinely worked in excess of 40 hours per week.

17. Despite the fact that the Plaintiff was not an exempt employee, Defendant did not pay him the proper wages he was owed, including payment of all compensable time and payment of overtime wages for work in excess of 40 hours per week.

18. Plaintiff is entitled to actual and liquidated damages for Defendant's actions.

20. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

21. Defendant failed to pay the Plaintiff for overtime hours worked.

22. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

23. Defendant is liable to the Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Award all actual damages suffered by the Plaintiff;

b. Enter an order declaring that Defendant willfully violated the overtime provisions of the IMWA;

c. Award the Plaintiff damages in the amount of overtime wages required by the IMWA improperly denied him by Defendant's actions;

d. Award the Plaintiff punitive damages;

e. Award the Plaintiff prejudgment interest pursuant to the IMWA;

f. Award the Plaintiff post-judgment interest;

g. Award the Plaintiff reasonable attorneys' fees as well as the costs of this action; and

h. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

                Respectfully submitted,

                PERRY CHAPMAN

                By:   /Barry A. Gomberg
                          Attorney for Plaintiff

Barry A. Gomberg
Luanne M. Galovich
Barry A. Gomberg & Associates, Ltd.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois. 60604
(312) 922-0550
gomberglaw@aol.com

Dated: July 23, 2021